# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ANTONIO GUTIERREZ-VALTIERRA,<br><br>    Petitioner,<br><br>v.<br><br>PAMELA BONDI, *et al.*,<br><br>    Respondents. | Case No. 26-cv-01343-BAS-VET<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); AND**<br><br>**(2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 2)** |

Petitioner Jorge Antonio Gutierrez-Valtierra, appearing *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, requesting a bond hearing, a Motion for a Temporary Restraining Order ("TRO"), and a Motion to Appoint Counsel. (ECF Nos. 1–3.) The Court appointed Federal Defenders to represent Petitioner (ECF No. 4), and they filed an Amended Petition (ECF No. 6).

- 1 -

26cv1343

In the Amended Petition, counsel requests that the Court find Petitioner was entitled to a bond hearing pursuant to 8 U.S.C. § 1226 and, arguing the Immigration Judges' neutrality has been compromised, that the Court order either immediate release or additional safeguards on any bond hearing. (ECF No. 6.) The Government filed a Return indicating it did not oppose an order requiring a bond hearing pursuant to 8 U.S.C. § 1226(a), but argued further safeguards are not warranted. (ECF No. 10.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within ten days. However, the Court finds insufficient evidence that Immigration Judges' neutrality has been compromised.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    ANALYSIS

Petitioner entered the United States without inspection around 2004 and has lived continuously in the United States since then. (ECF No. 6.) He was arrested in the interior of the United States in March 2025 and transferred to the custody of Immigration and Customs Enforcement ("ICE") in June 2025. (*Id.*) An Immigration Judge ordered him removed on February 5, 2026, and an appeal from that order remains pending. (*Id.*) While his appeal is pending, the Department of Homeland Security ("DHS") has found Petitioner ineligible for bond pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.*)

26cv1343

The Central District of California certified a class and essentially overruled *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025). Although the Ninth Circuit stayed and restricted application of that class to only those located in the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the Court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026). Hence, for all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition to the extent it requests a bond hearing pursuant to 8 U.S.C. § 1226. However, Petitioner presents insufficient evidence that all Immigration Judges' neutrality has been compromised such that immediate release or additional safeguards are necessary.

## III. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Petitioner Jorge Antonio Gutierrez-Valtierra (A# 241-114-472) within 10 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within 10 days, Petitioner is ordered released forthwith.

The Court also **DENIES AS MOOT** the Motion for Temporary Restraining Order. (ECF No. 2.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: March 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv1343